1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RLI INSURANCE COMPANY,

                          Plaintiff,

      v.

POLISHED 3 LLC, et al.,

                          Defendants.

_____

POLISHED 3 LLC,

                  Third-Party Plaintiff,

      v.

FOWLER GENERAL CONSTRUCTION,
INC.

                  Third-Party Defendant.

No.  2:21-cv-691-BJR

ORDER ON THIRD-PARTY
DEFENDANT FOWLER GENERAL
CONSTRUCTION, INC.'S MOTION IN
SUPPORT OF ATTORNEY'S FEES
AND COSTS

      This matter comes before the Court on a motion by Third-Party Defendant Fowler General

Construction, Inc. ("Fowler") in support of an award of attorney's fees and costs.  Dkt. No. 30.

Having reviewed the materials submitted by the parties, the Court GRANTS in part Fowler's

motion.  The Court awards Fowler attorney's fees in the amount of $23,818.50 and costs in the

ORDER - 1

amount of $1,923.12, for a total award of $25,741.62.  The reasons for the Court's decision are set forth below.

## I.      Background

On January 27, 2022, the Court granted Fowler's motion to dismiss a third-party complaint that Polished 3 LLC ("Polished 3") had filed against Fowler.  The Court also found that Fowler was entitled to an award of attorney's fees and costs pursuant to a provision in its subcontract with Polished 3, which provided that "[a]s between the parties to this Subcontract, the prevailing party in any litigation, or arbitration, shall be entitled to an award of its attorney fees and costs incurred." Dkt. No. 28 at 9 (citing Dkt. No. 20-1, Section T.3).  The Court directed Fowler to file a motion to support its requested amount of attorney's fees and costs.  This motion followed.

In its opening brief, Fowler sought an award of attorney's fees in the amount of $20,940.00 and costs in the amount of $1,603.08, for a total award of $22,543.08.  Polished 3 filed an opposition to Fowler's motion, arguing that the amounts requested by Fowler were excessive and should be reduced by at least $7,179.68.  In its reply brief, Fowler requested an additional $3,342.50 in attorney's fees and an additional $320.04 in costs for the expenses incurred in filing its reply to Polished 3's opposition brief.  Including the fees and costs incurred in preparing its reply, Fowler requests an award of attorney's fees in the amount of $24,282.50 and costs in the amount of $1,923.12, for a total award of $26,205.62.

## II.      Discussion

### A.      Legal Standards

The Court applies Washington state law to determine the amount of attorney's fees and costs that Fowler should be awarded.  *See, e.g.*, *Drexler v. Billet*, No. 17-8552, 2018 WL 6164279, at *1 (C.D. Cal. Aug. 6, 2018) ("When state law provides the basis for a party's entitlement to

ORDER - 2

attorneys' fees, a federal court applies state law to calculate the amount of those fees.").  When a party is entitled to attorney's fees pursuant to a contract, Washington courts have held that "[i]n the absence of a predetermined method set forth in the contract itself, the proper method for the calculation of a reasonable fee award is the lodestar method."  *Crest Inc. v. Costco Wholesale Corp.*, 115 P.3d 349, 356 (Wash. App. 2005).  Because the subcontract between Fowler and Polished 3 did not establish a method for calculating a fee award to the prevailing party in litigation, the Court applies the lodestar method.

"The lodestar approach sets fees by multiplying a reasonable hourly rate by the reasonable number of hours spent on the lawsuit."  *Id.*  Under this method, "attorney fees are calculated by establishing a lodestar fee and then adjusting it up or down based on other external factors."  *Id.*  Under Washington law, "[t]he burden of demonstrating that a fee is reasonable is upon the fee applicant."  *Berryman v. Metcalf*, 312 P.3d 745, 753 (Wash. App. 2013).

**B.  Polished 3's Objections**

Polished 3 does not argue that the hourly billing rates of Fowler's counsel or paralegals are unreasonable.  However, Polished 3 offers a number of objections to the reasonableness of Fowler's request for fees and costs, which the Court considers in turn below.

**1.  Use of "Block Billing"**

Polished 3 first argues that the billing statements submitted by Fowler are improperly prepared in "block billing style."  Dkt. No. 32 at 2.  "Block billing" is "the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks."  *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007) (citation omitted).  Polished 3 argues that "block billing frustrates the reviewing court's ability to determine whether fees are reasonable, because it is 'more difficult to

determine how much time was spent on particular activities.'"  Dkt. No. 32 at 2-3 (quoting *Welch*, 480 F.3d at 948).  Thus, Polished 3 contends that a reduction of fees for "block billing" is warranted here.

The Court disagrees.  While some of the time entries by Fowler's attorneys and paralegals may be characterized as "block billing," none of those entries prevent the Court from assessing whether the time expended was reasonable for the work listed under each time entry.[1]  Notably, in the section of its brief discussing "block billing," Polished 3 does not identify a single specific time entry where the use of "block billing" prevents the assessment of the reasonableness of the time expended for the tasks listed.

More generally, the Court notes that the billing records submitted by Fowler's law firm indicate that their attorneys and paralegals collectively billed a total amount of 68.4 hours for work performed between the filing of Polished 3's third-party complaint in September 2021 and the filing of Fowler's fee request in February 2022.  It does not strike the Court as excessive for a law firm to expend this amount of time to litigate a motion to dismiss, to prepare a fee request motion, and to perform other tasks Fowler needed to perform as a result of Polished 3's third-party complaint.

## 2.  Work Performed by Paralegals

Polished 3 next objects to awarding fees for a number of time entries by paralegals.  Polished 3 argues that these entries either reflect that the paralegals performed work that was clerical rather than legal in nature, or provide insufficient detail to determine whether the tasks performed were clerical or legal.  Specifically, Polished 3 objects to 14 time entries by Fowler's

---

[1] However, as discussed below, the use of "block billing" does create some difficulties in distinguishing between the time spent on legal rather clerical tasks for some of the time entries by paralegals.

ORDER - 4

paralegals, totaling 6.4 hours billed at the rate of $145 per hour, for a total of $928.  Polished 3 notes that Washington law requires time billed by a nonlawyer to be "legal in nature" and must be presented in a form that "allow[s] the reviewing court to determine that the services performed were legal rather than clerical."  Dkt. No. 32 at 3-4 (quoting *North Coast Elec. Co. v. Selig*, 151 P.3d 211, 215-16 (Wash. App. 2007)).

The Court disagrees with Polished 3's contentions that a paralegal's work in "preparing" and "finalizing" court filings (*e.g.*, notices of appearance) constitutes clerical rather than legal work.  Such work is legal in nature and generally requires legal knowledge to perform correctly. The Court, however, agrees with Polished 3 that time spent by paralegals on downloading pleadings, calendaring deadlines, and sending emails that merely transmit documents to clients or opposing counsel should be disallowed as clerical work.  To the extent that a "block billing" entry by a paralegal includes these tasks, the Court will disallow the entire entry because the Court cannot reasonably segregate the time spent on clerical rather than legal work.

Therefore, the Court will not award Fowler's fees for the following time entries, which total 3.2 hours of time billed at $145 per hour:

- 0.6 hours billed on 9/13/21 for tasks that included downloading and printing all pleadings and reviewing the firm's ledger of fees and expenses;

- 0.3 hours billed on 9/15/21 for tasks that included sending copies of notices of appearance to clients via email;

- 0.3 hours billed on 9/20/21 for tasks that included sending a letter to opposing counsel and to clients via email;

- 0.3 hours billed on 9/21/21 for tasks that included calendaring deadlines;

ORDER - 5

- 0.6 hours billed on 10/8/21 for tasks that included sending a copy of a subpoena to a client via email;

- 0.4 hours billed on 10/12/21 for tasks that included sending copies of motion papers to clients via email;

- 0.1 hours billed on 10/14/21 for tasks that included calendaring deadlines;

- 0.1 hours billed on 11/1/21 for tasks that included sending copies of motion opposition papers to a client via email;

- 0.1 hours billed on 11/8/21 for tasks that included sending case records to a client via email; and

- 0.4 hours billed on 2/4/22 for tasks that included calendaring deadlines and sending copies of a proposed order and judgment to the Court and to clients via email.

### 3. Overstaffing

Polished 3 argues that Fowler's law firm overstaffed the case in two respects. First, Polished 3 objects to the time billed on this matter by John Black, a principal at the firm who appeared on behalf of Fowler. Polished 3 argues that "the time charged by Mr. Black in this case is wholly unnecessary," given the expertise brought by Richard Wetmore, another principal at the firm who also appeared for Fowler in this case. Dkt. No. 32 at 7. Polished 3 objects to all of Mr. Black's billing in this matter, which totaled $3,455. Second, Polished 3 suggests that the Court should "consider" reducing Mr. Wetmore's fees for researching and drafting a demand letter and motion papers, arguing that he could have relied on associates with lower hourly rates "to do the heavy lifting." *Id.* at 8.

The Court disagrees with Polished 3. The legal issues that Fowler had to address in seeking dismissal of Polished 3's third-party complaint were relatively complex, and Fowler's counsel

ORDER - 6

ultimately obtained a positive result for their client.  Under these circumstances, it was not unreasonable or excessive to have two highly experienced lawyers at the firm work on the case, including discussing strategy as well as performing research for, and drafting, the motion papers.

### 4.  Time Spent Preparing Attorney Fee Motion

Polished 3 next objects to the $2,399 in fees sought by Fowler for preparing its motion for attorney's fees and costs.  This amount includes 9.1 hours of work by two attorneys and one paralegal.  Polished 3 notes that Fowler's motion is only five pages long and argues that it "is a simple motion without any legal analysis." Dkt. No. 32 at 9.  Polished 3 contends that the charges for the motion should be cut in half to $1,199.50.

The Court, again, disagrees with Polished 3.  Fowler's motion for attorney's fees and costs includes appropriate legal citations, and the bulk of the work on the motion was performed by an associate and a paralegal who billed at lower rates.  The Court does not find it excessive for Fowler's law firm to expend this amount of time to prepare this motion and the supporting declaration and documentation.[2]

### 5.  Costs for Photocopying and Westlaw

Polished 3 objects to two types of costs claimed by Fowler.  First, Polished 3 objects to $144 in charges for photocopying, arguing that "the need for hard copies of documents is practically nonexistent in law offices today."  Polished 3 also argues that Fowler's request for $1,453.19 in Westlaw fees is excessive and inadequately supported.  Polished 3 notes that its own contract with Westlaw is only a flat fee of $425 per month per attorney for unlimited access to all state and federal caselaw and other "basic databases." Dkt. No. 32 at 10.

---

[2] As noted above, the Court disallows one entry for a paralegal's time spent on the attorney fee motion, on 2/4/22 for 0.4 hours, on the separate basis that it includes tasks involving clerical work and uses block billing.

The Court disagrees that the photocopying charges of $144 are excessive.  As Fowler notes, Polished 3 does not point to any authority suggesting that it is unreasonable or excessive for a law firm to choose to make paper copies of documents.

The Court also disagrees that Westlaw charges in the amount of $1,453.19 are unreasonable or inadequately supported.  It does not strike the Court as excessive for Fowler to incur $1,453.19 on Westlaw expenses in this case in light of the relative complexity of the issues involved.  The Court further finds that Fowler has provided adequate documentation and explanation of its Westlaw costs and billing practices.

### III.    Conclusion

For the foregoing reasons, the Court GRANTS in part Fowler's request for attorney's fees and costs.  The Court awards Fowler its attorney's fees and costs in the amount requested, with the exception of four hours of paralegal time billed at $145 per hour.  The Court awards Fowler attorney's fees in the amount of $23,818.50 and costs in the amount of $1,923.12, for a total award of $25,741.62.

Dated:  April 9, 2022.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 8